U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>PHM CORPORATION d/b/a THE OAKS & WEST MONROE GUEST HOUSE<br><br>    Defendant. | **3:06cv1624**<br>**JUDGE JAMES**<br>**MAG. JUDGE HAYES** |

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission, ("EEOC" or "Commission"), and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, <u>as amended</u>, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate injunctive relief to correct the unlawful employment practices to which Tobie Escher was adversely subjected. The Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Escher, a Black female, was subjected to discrimination based on race by Defendant, PHM Corporation d/b/a The Oaks and West Monroe Guest House (hereinafter, "Defendant" or "PHM") when it terminated her for conduct similar to that of one or more similarly situated white employees, and that PHM refused to rehire Escher at another of its facilities because of her race and in retaliation for complaining of discrimination in connection with her separation, all in violation of

Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were at all material times committed within the jurisdiction of the United States District Court for the Western District of Louisiana.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times and continuously to this date, the Defendant has been a for profit business corporation operating two medical facilities in Monroe, Louisiana with more than 15 employees.

6. At all relevant times and continuously to this date, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

7. At all relevant times, all material facts occurred within the jurisdiction of this Court at the two medical facilities operated by PHM Corporation in Monroe, Louisiana.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit Ms. Escher filed a charge with the Commission alleging violations of Title VII by the Defendant and Title I of the Civil Rights Act of 1991. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since February of 2004, the Defendant has engaged in unlawful employment practices at its facility, The Oaks, which is located at 1000 McKeen Place, Monroe, Louisiana and at its sister facility, West Monroe Guest House, located at 1007 Glenwood Drive, West Monroe, Louisiana.

10. Ms. Tobie Escher was employed by the Defendant as a Licensed Practical Nurse at their facility in Monroe, Louisiana called "The Oaks" from February 11, 2003 until February 18, 2004.

11. On or about February 18, 2004, Ms. Escher was scheduled to be off from work, but volunteered to work that day expecting to be given her ususal hall assignment. After reporting to work, Ms. Escher was assigned to work the "D Hall," which according to Ms. Escher and other nurses, was the least desirable of the halls to work. After learning of the assignment, Ms. Escher told the Assistant Director of Nursing, Annette Picard, that she had decided not to accept the overtime shift, and clocked back out. Ms. Escher left the facility, and was later called by the Director of Nursing, Kathryn Thigpen, who informed her that Picard had alleged that Ms. Escher had used profanity. Ms. Escher denied having used any profanity, but Ms. Thigpen fired her anyway. Ms. Escher pointed out to Ms. Thigpen that Martha Clark (a Licensed Practical Nurse who is White) had also done the same thing, but that Ms. Clark was not fired or disciplined.

12. Ms. Escher subsequently applied to work for the Defendant at its sister facility, the West Monroe Guest House, and she was initially hired effective February 25, 2004. On February 24, 2004,

Ms. Escher was contacted by Debbie Faulk, the Assistant Director of Nursing at the West Monroe facility, who told her that she could not hire her because she had been advised by Annette Picard, from "The Oaks," that Ms. Escher had abandoned her job, and that the Defendant, PHM, had a policy of not rehiring employees at one facility after they have been terminated by a sister facility. Ms. Escher again pointed out that West Monroe had recently hired a white LPN, Kim Whittington, after Ms. Whittington had been discharged at "The Oaks" for "no call, no show."

13. The disciplinary records of Ms. Escher and Ms. Clark show that Ms. Clark had an extensive disciplinary record, which included "having a bad attitude and cursing on the hall," and that Ms. Escher had only one previous write-up for "failure to clock out at lunch."

14. The practices complained of in paragraphs nine through fourteen above constitute discrimination based on race and retaliation in violation of Title VII. Defendant is liable under Title VII for the above-described practices of its supervisors and employees.

15. The effect of the practices complained of in paragraphs nine through thirteen above have been to deprive Ms. Escher of equal employment opportunities, alter her conditions of employment, and to adversely affect her status as an employee because of her race, in violation of Title VII.

16. The unlawful employment practices complained of in paragraph nine through thirteen above were intentional.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race, as well as retaliation, within the meaning of Title VII, and any other employment practice which

discriminates on the basis of race.

B.  Order Defendant to institute and carry out policies, practices, and programs which are designed to prevent discrimination based on race and retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Ms. Escher by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs nine through thirteen above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, in amounts to be determined at trial.

D.  Grant a judgment requiring Defendant to make Ms. Escher whole by providing appropriate back wages and pre-judgment interest, in an amount to be determined at trial, as well as any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, order an award of front pay in an amount to be determined at trial.

E.  Order Defendant to pay Ms. Escher punitive damages for its malicious and reckless conduct, as described in paragraphs nine through fourteen above, in amounts to be determined at trial.

F.  Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission the costs of this litigation.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury trial on all questions of fact raised by its complaint.

        Respectfully Submitted,

        Ronald S. Cooper
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        Gwendolyn Reams
        Associate General Counsel
        1801 L Street, N.W.
        Washington, D.C. 20507

        JAMES SACHER
        Regional Attorney
        1919 Smith Street, 6th Fl.
        Houston, Texas 77072

        LILLIAN M. THORNTON
        Senior Trial Attorney
        Bar Roll Number La. 25525

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        New Orleans Field Office
        1555 Poydras Street, Suite 1900
        New Orleans, La. 70112
        Telephone:  (504) 595-2876
        Facsimile:  (504) 595-2886

AGENT FOR SERVICE OF PROCESS
L. Michael Ashbrook
300 Washington Street
Monroe, La 71210-3068



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New Orleans Field Office

1555 Poydras Street Suite 1900
New Orleans, LA 70112
(504) 589-2329
TTY (504) 589-2958
FAX (504) 589-6861
Website:www.eeoc.gov

September 20, 2006

Robert H. Shemwell
Clerk of Court
Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, La. 71101-3083

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

RE: EEOC vs. PHM Corporation d/b/a The Oaks & West Monroe Guest House

Dear Mr. Shemwell,

Enclosed please find our pleadings on the above captioned matter which we are asking to be filed upon receipt. Please return a stamped copy to our office. Thank you for assistance with this matter.

Yours truly,

Lillian M. Thornton
Senior Trial Attorney
Direct Line- 504-595-2876