RECEIVED
IN MONROE, LA

APR 1 8 2007
AC
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT** ) | |
| **OPPORTUNITY COMMISSION,** ) | |
| **Plaintiff** ) | **CIVIL ACTION NO.** |
| ) | **3:06-CV-1624** |
| **v.** ) | |
| ) | **JUDGE JAMES** |
| ) | |
| **PHM CORPORATION d/b/a THE OAKS &** ) | **MAGISTRATE HAYES** |
| **WEST MONROE GUEST HOUSE;** ) | |
| **WOODLAWN MANOR, INC.;** ) | |
| **WEST MONROE GUEST HOUSE, INC.,** ) | |
| **Defendants** ) | |

**CONSENT DECREE**

On September 21, 2006, the Equal Employment Opportunity Commission ("the

Commission") instituted Civil Action Number 3:06-CV-1624 in the United States District Court

for the Western District of Louisiana (Monroe Division), charging Defendant PHM Corporation.

("PHM") with violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et* seq. ("Title VII"), and alleging that PHM engaged in unlawful employment practices by

terminating the employment of Tobie Escher and refusing to rehire her at a sister facility

because of her race and as an act of retaliation. On December 22, 2006, the Commission filed an

Amended Complaint charging PHM and co-defendants Woodlawn Manor, Inc. ("Woodlawn")

and West Monroe Guest House, Inc. ("WMBH") as a joint and single employer or integrated

enterprise with violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et* seq., and alleging that the defendants engaged in unlawful employment practices by

terminating the employment of Tobie Escher and refusing to hire her at a sister facility because

1

of her race.

The Commission and the defendants now wish to resolve all claims and controversies encompassed by this lawsuit without the burden, expense or delay of further litigation, subject, however, to the approval of this Court. Defendants deny any wrongdoing in this case, and in the treatment of Tobie Escher or any other employee.

**THEREFORE, IT IS HEREBY AGREED BETWEEN THE COMMISSION AND THE DEFENDANTS AND ORDERED, ADJUDGED, AND DECREED** that:

## JURISDICTION AND PROCEDURAL MATTERS

1.      This Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.

2.      The purposes of Title VII will be furthered by the entry of this Decree, the terms of which constitute a fair and equitable settlement.

3.      The negotiation, execution, and entry of this Decree will resolve any and all claims of the Title VII violations brought by the Commission against the defendants arising out of Commission Charge Number 270-2004-00999 and this lawsuit, Civil Action Number 05-0844.

4.      Neither the negotiation, nor the execution, nor the entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by Defendants or that their officers, agents, or employees have violated or have not been in compliance with any Federal, State or Local constitution, statute, law, regulation or ordinance.

5.      This Decree relates only to the alleged Title VII violations raised or which could have been raised against the defendants in EEOC Charge Number 270-2004-00999 and this

2

lawsuit. It is expressly acknowledged and agreed by the parties that this Decree does not relate to any other Commission charges.

## INDIVIDUAL RELIEF

6. Within thirty (30) days after the entry of this Decree the Defendants shall pay the sum of $ 15,000.00 ("FIFTEEN THOUSAND DOLLARS") as damages to Tobie Escher for claims that were raised in Commission Charge Number 270-2004-00999 and this lawsuit. Further, within thirty (30) days after the entry of this Decree, the defendants shall provide Tobie Escher with a written letter that apologizes for her termination and provides a positive reference for prospective employers of Ms. Escher. The defendants shall provide contemporaneously a copy of the damage check and apology/reference letter for Tobie Escher to the EEOC's Trial Attorney N. Eleanor Graham and the Regional Attorney for the Houston District Office.

## INJUNCTIVE RELIEF

## A. TITLE VII COMPLIANCE REQUIREMENTS

7. The defendants shall comply with all requirements of Title VII. The defendants agree not to discriminate on the basis of race in all phases of employment, including recruitment, application, hiring, testing, job assignment, promotion, training, discharge and all terms, conditions or privileges of employment. The defendants further agree not to discriminate or retaliate against any person because of opposition to any practice declared unlawful under Title VII because of the filing of a charge, giving of testimony or assistance; or because of participation in any manner in any investigation, proceeding, or hearing under Title VII.

3

**B.     REPORTING REQUIREMENTS**

8.      For the duration of this Decree, the defendants shall submit semiannual written reports to the EEOC's Trial Attorney N. Eleanor Graham and the Regional Attorney for the Houston District Office. The initial report must be submitted by the defendants six (6) months after the entry of this Consent Decree or not later than October 30, 2007. The defendants must submit subsequent semiannual reports on the following dates: April 30, 2008; October 30, 2008; and April 30, 2009. These reports shall certify the defendants' compliance with this Decree in accordance with paragraphs 7 through 10 of this Decree and further provide per semiannual reporting period as follows: the identity by name, social security number, last known address and last known telephone numbers of any individuals whose race is black and were terminated by the defendants without receiving a written warning or progressive discipline notice that such conduct would result in termination. For purposes of this Decree, "terminated" means: involuntary discharge or firing; solicitation of resignation in lieu of discharge or firing; and a change in the workplace terms and conditions of an employee that the employee deemed to be sufficiently adverse to constitute a constructive discharge (e.g., the cessation of an individual's employment, regardless of whether recorded as "voluntary" or "job abandonment" by any of the defendants, when the employment ended based upon a unilateral shift change of the employee that was mandated by any of the defendants, but likely would have been impossible for the employee to accommodate due to family responsibilities).

**C.     TITLE VII TRAINING REQUIREMENTS**

9.      The defendants agree to conduct, for the duration of this decree, an annual two-hour training program about Title VII for its supervisors and managers. Each training program

4

shall include the topics of discriminatory termination of blacks in violation of Title VII,

including: (i) illegal termination of blacks for reasons that similarly-situated non-blacks are not

terminated and (ii) application of any no-rehire policies by PHM, Woodlawn and/or WMBH in

an unbiased manner such that blacks are not disparately excluded from consideration for hire or

rehire, as compared with their non-black counterparts, by any of the foregoing entities and/or the

facilities they control or operate. Any officer, supervisor, or manager, who failed to attend any

Title VII training program, as mandated by this Decree, shall be required to attend a make-up

training program or view a videotape of the entire original training program within two months

of the missed program. The initial training program shall be conducted within six (6) months

after the entry of this Consent Decree. The defendants' initial and semiannual reports to the

EEOC's Trial Attorney and Houston District Office Regional Attorney shall provide all date(s)

Title VII training occurred; the names and positions of the managers and supervisors who

attended the training and make-up training or videotape programs; the signatures of all these

same individuals acknowledging their presence at such training programs; and the topics covered

during all such programs (or in lieu of the topics list, a copy of the training outlines, materials or

videotapes that were utilized during the training sessions).

**D.     POSTING REQUIREMENTS**

10.     In accordance with federal anti-discrimination laws that are enforced by the

Commission, the defendants agree to post conspicuously the Commission's poster entitled:

"Equal Employment Opportunity Is The Law" in prominent and accessible places in its buildings

in Monroe, Louisiana where its employees work and where said poster can be readily observed

by the defendants' employees and applicants for employment. In their periodic compliance

5

reports, the defendants shall routinely certify the efforts they have taken to assure that the posters have remained in place during the pendency of this Decree.

### E.     POLICY REQUIREMENTS

11.     The defendants agree to send to the Commission a copy of their policy(ies) prohibiting discrimination in violation of Title VII. In the event that the defendants do not yet have such a policy(ies), then they will create, implement and send a copy of such policy(ies) to the EEOC's Trial Attorney N. Eleanor Graham and the Regional Attorney for the Houston District Office within sixty (60) days after the entry of this Decree. Additionally, the defendants shall disseminate such policy(ies) to all of its employees; and for the duration of this Decree, they shall certify in their initial and semiannual reports to the EEOC's Trial Attorney and Regional Attorney that they have disseminated such policy(ies) to all of their employees.

### DURATION

12.     This Consent Decree shall remain in force for two years after the date of entry of this Decree.

### VALIDITY, ENFORCEMENT AND MISCELLANEOUS PROVISIONS

13.     Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

14.     This Court shall retain jurisdiction over this action for the purpose of enforcing this Decree, if necessary; and any party is empowered to enforce this Decree through the applicable judicial enforcement procedures.

6

15.     This Decree sets forth the entire agreement between the Commission and the

defendants, which resolves Commission Charge Number 270-2004-00999 and this lawsuit.  This

Decree fully supersedes any and all prior agreements or understandings between the Commission

and the defendants pertaining to Commission Charge Number 270-2004-00999 and this lawsuit.

This Decree cannot be altered by oral agreement between the Commission and the defendants,

but only by written Court-ordered modification.

16.     Defendants and the EEOC will bear their own attorney's fees and costs.

**IT IS SO ORDERED.**

Monroe, Louisiana, this __18__ day of __April__, 2007.

_____
UNITED STATES DISTRICT JUDGE

SUBMITTED AND APPROVED BY:

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**JIM SACHER**
Regional Attorney
La. Bar Roll No. 14888

_____
**N. ELEANOR GRAHAM**
Senior Trial Attorney

7

La. Bar Roll No. 16946
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA 70112
Tel:   (504) 595-2875 (Graham)
       (504) 595-2870 (Main #)
Fax:  (504) 589-6861 or 595-2886
**COUNSEL FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

-AND-

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By:_____
    S. Price Barker, T.A. #19472
    Michael D. Lowe #29323
333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone (318) 221-6277
Telecopier (318) 227-7850

ATTORNEYS FOR PHM CORPORATION,
WOODLAWN MANOR, INC., and WEST
MONROE GUEST HOUSE, INC.